FRILOT, LLC
Brandon K. Thibodeaux (*pro hac vice*)
1100 Poydras Street
Suite 3800
New Orleans, Louisiana 70163
Tel: (504) 599-8253
Fax: (504) 599-8100
*Attorneys for American Marine Services, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> **DAEBO INTERNATIONAL SHIPPING CO., LTD.,** <br><br> Debtor in a Foreign Proceeding | Chapter 15 <br><br> Case No. 15-10616 MEW |

## AMERICAN MARINE SERVICES, INC.'S MEMORANDUM IN OPPOSITION TO *EX PARTE* APPLICATION FOR PROVISIONAL RELIEF PENDING RECOGNITION OF A FOREIGN MAIN PROCEEDING AND CROSS-MOTION TO DISMISS PURSUANT TO FRCP 12(b)(3)

**NOW INTO COURT**, through undersigned counsel, comes American Marine Services, Inc. ("AMS") and hereby objects to the *Ex Parte* Application for Provisional Relief Pending Recognition of a Foreign Main Proceeding (the "Application"), Record Doc. No. 4, filed by Petitioner, Chang-Jung Kim, as the custodian and foreign representative of Daebo International Shipping Co., Ltd. ("Daebo") in Daebo's alleged Korean bankruptcy proceedings. AMS further moves to dismiss pursuant to FRCP 12(b)(3). For the reasons that follow, the Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding (the "Petition"), Record Doc. Nos. 1 and 3, and the instant Application were filed in the improper venue, and as such, this Honorable Court should either dismiss this matter outright or transfer it to the appropriate court in the Eastern District of Louisiana, but in no event should this Application be granted.

"The purpose of statutory venue requirements is to ensure that a case is filed in a forum that is convenient for the parties in interest." *In re Washington, Perito & Dubuc*, 154 B.R. 853, 861 (Bankr. S.D.N.Y. 1993) (citing *United States of America v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969)). Both the Petition and the Application filed herein state that "[v]enue is proper in this District pursuant to 28 U.S.C. § 1410." *See* Record Doc. No. 3 at p. 2 and Record Doc. No. 4 at p. 3; *see also* Record Doc. No. 1 at p. 2 (stating that "[d]ebtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District"). This simply is incorrect. Section 1410 reads, as follows:

> A case under chapter 15 of title 11 may be commenced in the district court of the United States for the district—
>
> (1) in which the debtor has its principal place of business or principal assets in the United States;
> (2) if the debtor does not have a place of business or assets in the United States, in which there is pending against the debtor an action or proceeding in a Federal or State court; or
> (3) in a case other than those specified in paragraph (1) or (2), in which venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative.

28 U.S.C. § 1410. Under a plain reading of Section 1410, the correct venue for the instant matter should be the Eastern District of Louisiana, where no less than five Civil Actions were filed prior to the commencement of these bankruptcy proceedings, and where the property that is the subject of this very Application is located. *See* EDLA Civ.A. Nos. 15-490, 15-494, 15-496, 15-758 and 15-814. It is clear from the statute that Daebo is engaging in good old fashioned forum shopping.

As for Subsection 1410(1), the Petitioner makes no allegation that Daebo has any principal place of business in the United States, let alone that the principal place of business is in the Southern District of New York. Furthermore, according to the New York Secretary of State's website,[1] Daebo is not registered to do business anywhere in the State. Similarly, there is no contention that Daebo's principal assets are located in the Southern District of New York. For a company which estimates the value of its assets at somewhere between $100,000,001 to $500,000,000, *see* Record Doc. No. 1 at p. 1, the unused portion of the retainer held in Blank Rome LLP's New York bank account cannot be deemed to be Daebo's "principal assets" under Section 1410. Furthermore, the very issue at the heart of the various Civil Actions filed by AMS and other parties pending in the Eastern District of Louisiana is whether the M/V DAEBO TRADER, no doubt valued at much more than the unused portion of the retainer held in Blank Rome LLP's New York bank account, is the property of Daebo. If the various plaintiffs in those lawsuits are correct, certainly Daebo's principal assets "in the United States" would be located in the Eastern District of Louisiana, not the Southern District of New York, in accordance with Section 1410(1).

Moving to Subsection 1410(2), there is no action pending against Daebo in any New York federal court according to PACER. By contrast, the subject Application made clear that there are numerous Civil Actions filed prior to the commencement of these bankruptcy proceedings in the Eastern District of Louisiana. *See* Record Doc. No. 4, at p. 6-19.[2] There is no indication that there are actions or proceedings pending against Daebo in a state court located within the Southern District of New York, but there is no doubt that such actions would have been mentioned in support of venue if they existed. Instead, the actions filed in the Eastern

---

[1]  *See* http://www.dos.ny.gov/corps/bus_entity_search.html.
[2]  In addition to EDLA Civ.A. Nos. 15-490, 15-494, 15-496 and 15-758 discussed in the instant Application, on March 13, 2015, Lark Shipping S.A. filed EDLA Civ.A. No. 15-814 against Daebo.

3

District of Louisiana were the *only* actions mentioned in Petitioner's submissions herein. Thus, pursuant to Section 1410(2), venue would be proper in the Eastern District of Louisiana, not the Southern District of New York.

Subsection 1410(3) only applies for cases that do not fit into categories (1) and (2). In any case, AMT respectfully submits that the convenience of the parties cannot be a factor militating in favor of the Southern District of New York over the Eastern District of Louisiana when all of the parties who have made claims against Daebo and seized the M/V DAEBO TRADER already have counsel in New Orleans, and the Petitioner and Daebo are located halfway around the world.

In conclusion, venue is a threshold issue that must be resolved before granting any provisional relief at all. This is particularly true where Petitioner is moving Your Honor to vacate the maritime attachments of the M/V DAEBO TRADER – and thus destroy the very basis for *quasi in rem* jurisdiction over Daebo in the earlier filed Civil Actions – before the bankruptcy Petition is even approved. An examination of the relevant venue statute shows that this proceeding was filed in an improper court and belongs in the Eastern District of Louisiana. AMT further adopts all other non-venue related arguments raised herein by the other parties objecting to the instant Application.

Dated: March 18, 2015

Respectfully submitted,

FRILOT, LLC

_____
Brandon K. Thibodeaux (LA 32725, p*ro hac vice*)
1100 Poydras Street
Suite 3800
New Orleans, Louisiana 70163
(504) 599-8253 Phone; (504) 599-8110 Fax
bthibodeaux@frilot.com
**Counsel for American Marine Services, Inc.**

## AFFIRMATION OF SERVICE

I hereby certify that on March 18, 2015, a copy of the foregoing MEMORANDUM IN OPPOSITION TO EX PARTE APPLICATION FOR PROVISIONAL RELIEF PENDING RECOGNITION OF A FOREIGN MAIN PROCEEDING AND CROSS-MOTION TO DISMISS PURSUANT TO FRCP 12(b)(3) was filed electronically and served by e-mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by e-mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

*Brandon K. Thibodeaux*