UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**DAEBO INTERNATIONAL SHIPPING CO. LTD.**,<br><br>Debtor in a Foreign Proceeding | Chapter 15<br>Case No. 15-10616 (MEW) |

**ORDER GRANTING PROVISIONAL RELIEF PENDING HEARING ON PETITION FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105 (a) and 1519**

Upon the application (the "Application")[1] of Chang-Jung Kim, the custodian and foreign representative (the "Petitioner") of Daebo International Shipping Co., Ltd. (the "Company"), in the Company's proceeding under the Korean Rehabilitation and Bankruptcy Act (as amended, the "DBRA") pending before the Seoul Central District Court, (case number 2015 10036 Rehabilitation) (the "Korean Bankruptcy Proceeding"), pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order for provisional relief as set forth in the application, provisionally enjoining and staying the commencement or continuation of all proceedings against the Company or its assets in the U.S. and vacating the pending Rule B attachments against the Company's assets in the U.S., and the Court having considered and reviewed the petition filed by Petitioner under chapter 15 of the Bankruptcy Code, and required documents thereto (the "Chapter 15 Petition") and the Declarations of Petitioner Chang-Jung Kim and his Korean counsel (collectively, the "Supporting Papers"), and at the scheduled hearing in open court having heard the argument of counsel for the relief requested and having found timely and proper service of the Application and the Supporting

---

[1] Capitalized terms not defined in this Order shall have the meanings given to them in the Application.

Papers as evidenced by the filed affidavit of service, and no objection having been made to the portion of the Application that seeks a provisional stay on the terms set forth herein, and based on the foregoing, the Court having determined that the relief set forth in this Order is proper,

**NOW THEREFORE, IT IS HEREBY**

1.  **ORDERED**, that beginning on the date of this Order and continuing through the date the Court enters a final order on the Application for recognition of the Korean Bankruptcy Proceeding as a foreign main proceeding pursuant to 11 U.S.C. § 1517, all persons and entities are enjoined from:

    a) securing or executing against any asset or property of the Company or taking any actions to undertake the enforcement in the United States of any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against Petitioner (in his capacity as foreign representative of the Company), the Company or its property, whether owned, chartered or leased or the proceeds thereof within the territorial jurisdiction of the United States as further defined in 11 U.S.C. § 1502(8) ( the "Assets");

    b) taking any actions to undertake the commencement or continuation of any action or proceeding in the United States to create, perfect or enforce any lien, setoff or other claim against Petitioner (as above), the Company or against any of its Assets that are located in the territorial jurisdiction of the United States;

    c) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioner (as above), the Company or its Assets;

    d) seeking the issuance of or issuing any restraining notice or other process of encumbrance with respect to Petitioner (as above), the Company or its Assets;

e) transferring, relinquishing or disposing of any Assets to any person or entity other than Petitioner; and it is further

2. **ORDERED**, that notwithstanding the foregoing, any party may: (i) advance funds for the preservation or protection of the Assets that are in the custody of a U.S. District Court upon reasonable prior notice to Petitioner's U.S. counsel, subject to any party's right to contest the propriety of such advances, and (ii) send notices to third parties that are required or permitted under the terms of those parties' agreements concerning such Assets; and it is further

3. **ORDERED**, that the relief granted by this Order shall not prejudice the right of any party to object to venue under 28 U.S.C. § 1410; and it is further

4. **ORDERED**, that the cargo aboard the M/V DAEBO TRADER may be inspected by a neutral third party with the agreement of the Foreign Representative, which shall not be unreasonably withheld, the cost of which will be borne by the Party requesting the survey or as otherwise agreed; and it is further

5. **ORDERED**, that Gavilon Grain LLC and Gavilon China (HK) Ltd., parties claiming an interest in the cargo aboard the M/V DAEBO TRADER, to the extent such relief is provided for under applicable bankruptcy and non-bankruptcy law, may seek to alter the relief granted herein on an expedited basis via order to show cause on notice to all parties (with all rights of the Foreign Representative to oppose such relief being fully preserved); and it is further

6. **ORDERED**, that pursuant to Federal Rule of Bankruptcy Procedure 7065, the security provisions of Federal Rule of Civil Procedure 65(c) be, and the same hereby are, waived; and it is further

7. **ORDERED**, that the Supporting Papers shall be made available by Petitioner upon request by an identified interested party at the offices of Blank Rome LLP, 405 Lexington

Avenue, New York, New York 10174-0208 (Attention: Michael B. Schaedle, Esq.); and it is further

8. **ORDERED**, that this Order shall be served:

a) by United States mail, first class postage prepaid, or by e-mail on or before March 20, 2015, upon the known parties-in-interest at the time of such service;

b) by United States mail, first class postage prepaid, upon additional parties at such time as they are sufficiently identified; and it is further

9. **ORDERED**, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes; and it is further

10. **ORDERED**, that this Order shall remain in effect pending a hearing and entry of a final order on Petitioner's application for recognition under chapter 15 of the U.S. Bankruptcy Code, which hearing is scheduled to commence before the Honorable Michael E. Wiles in Room 617 of the Alexander Hamilton Custom House, One Bowling Green, New York, New York on April 24, 2015 at 10:00 a.m. or as otherwise set in a scheduling order of this Court.

Dated: New York, New York
       March 19, 2015

/s/ MICHAEL E. WILES
HON. MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

Issued at 7:30 p.m.