UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>**DAEBO INTERNATIONAL SHIPPING CO. LTD.**,<br><br>Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 15-10616 (MEW) |
|---|---|

**ORDER GRANTING PROVISIONAL RELIEF AND APPROVING
AGREEMENT WITH CERTAIN CREDITORS**

WHEREAS, on March 16, 2015, Chang-Jung Kim, the custodian and foreign representative (the "Petitioner") of Daebo International Shipping Co., Ltd. (the "Company"), in the Company's proceeding under the Korean Rehabilitation and Bankruptcy Act (as amended, the "DBRA") pending before the Seoul Central District Court, (case number 2015 10036 Rehabilitation) (the "Korean Bankruptcy Proceeding"), pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code"), filed his *Verified Petition under Chapter 15 for Recognition of a Foreign Proceeding* (the "Verified Petition") [Dkt. No. 3] and his Ex Parte *Application* (the "Application")[1] *for Provisional Relief Pending Recognition of a Foreign Main Proceeding* [Dkt. No. 4], in which Petitioner sought provisional relief in the form of a stay of all proceedings against the Company and its Assets, and *vacatur* of the attachments in Rule B Actions (as that term is defined in the Application); and

WHEREAS, Richardson Stevedoring & Logistical Services, Inc. ("Richardson"), SPV 1 LLC ("SPV"), Jaldhi Overseas PTE. Ltd. ("Jaldhi") and American Marine Services, Inc. ("AMS")

---

[1] Capitalized terms not defined in this Stipulation shall have the meanings given to them in the Application.

(collectively, the "Consenting Parties"), and Lark Shipping S.A. ("Lark," and collectively with the Consenting Parties, the "Rule B Plaintiffs") are parties in whose favor attachment orders have been granted in the Rule B Actions; and

WHEREAS, a hearing on the Application was held on March 19, 2015, during which the Consenting Parties raised various arguments concerning their rights in respect of the M/V DAEBO TRADER ("TRADER") and the proper venue for this United States bankruptcy proceeding; and

WHEREAS, the Petitioner and the Consenting Parties engaged in discussions in an effort to address the Consenting Parties' concerns over the Petitioner's request to vacate their Rule B attachments; and

WHEREAS, the Petitioner and the Consenting Parties have agreed to certain accommodations in order to resolve objections raised by the Consenting Parties and to govern the process for adjudication of the remaining disputes between the Petitioner and the Consenting Parties, as reflected in this Order; and

WHEREAS, Lark has been given notice of the Application but has not appeared in this Court and has not opposed the Application; and

WHEREAS, the terms set forth herein provide full protection for the rights of Lark and are necessary and appropriate to protect the legitimate interests of the Petitioner and the other creditors and contracting parties;

NOW, THEREFORE, with the consent of the Consenting Parties and for the reasons set forth above, IT IS HEREBY ORDERED:

1. The Rule B Plaintiffs' rights to object to implementing, additional or other relief sought by the Petitioner or the Company after Recognition, including but not limited to any relief sought pursuant to 11 U.S.C. 1521(b), 11 U.S.C. 1507 or recognition of Korean Court orders and plans, are fully and expressly preserved.

2. Nothing in this Order shall be construed as an agreement by any Rule B Plaintiff that the Company has any right to seek relief that has any impact outside the United States within this chapter 15 proceeding, currently or upon recognition. The Rule B Plaintiffs' and the Company's rights, privileges and objections in respect of all matters outside the United States are fully and unconditionally preserved, and nothing herein shall be deemed a waiver of any right that any party may have outside the United States.

3. Furthermore, nothing in this Agreement shall limit any rights that the parties may have to pursue lien claims and claims against the Company or property outside of the United States. The Company's rights concerning the stay applicable in this chapter 15 case, whether provisional, or after recognition, are fully preserved.

4. The Petitioner and the Company will use best efforts to obtain and arrange for the posting of or post a special bond ("Bond") in the face amount of $3,850,000 for the specific and limited purpose of (i) replacing the Rule B Plaintiffs' attachment of the TRADER, and (ii) providing security solely and exclusively for the Rule B Plaintiffs' alter ego and fraudulent transfer claims in the Rule B Actions against Shinhan Capital Co., Ltd. ("Shinhan"), including that as a matter of maritime equity principles, the TRADER should be considered property against which the Rule B Claimants' claims may be enforced, notwithstanding the TRADER's registered ownership by Shinhan (the "Subject Claims"), but, except as explicitly provided herein in

3

paragraph 6, Petitioner and Company shall not be deemed to have waived any of its/their available defenses or rights in respect of the Subject Claims arising under applicable law, rules or in equity. The quantum of the Bond is calculated to include a reasonable allowance for expenses in custodia legis for maintaining Rule B Plaintiffs' Rule B attachments (the "Custodia Legis Expenses"). The Bond, if obtained and posted, shall be used to satisfy any final, unappealable, unstayed judgment and/or order in the Rule B Plaintiffs' favor, in respect of the Subject Claims and/or taxable charges under applicable law and rules, including, without limitation, under Supplemental Rule E(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. If the Company or Shinhan prevails, via a final unappealable, unstayed judgment and/or order, the Bond will be discharged and the rights of the Company or Shinhan under Supplemental Rule E(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure are reserved.

5. The Bond, if obtained and posted, shall serve as the legal equivalent of the TRADER under Supplemental Rule E(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure solely to the extent of the Subject Claims; all Parties' rights and defenses related to the Subject Claims will be exactly the same if and when the Bond is posted as if the attachments continued as to the TRADER, and the source of the collateral that secures the Bond and the identity of the party that posts the Bond is in all respects irrelevant.

6. Upon the posting of the Bond, the Rule B Plaintiffs shall take all steps necessary, in cooperation with the Petitioner and the Company, to ensure that the TRADER will be immediately released and the Bond will serve as substituted *res* in respect of both security and

*quasi in rem* jurisdiction for the Subject Claims. The TRADER shall then be indefeasibly free and clear of the Rule B attachments.

7. Richardson, SPV 1 and Jaldhi have agreed that they will not contest, object to or attempt to transfer venue of the Company's chapter 15 case ("Bankruptcy Case") from the U.S. Bankruptcy Court for the Southern District of New York; AMS reserves its objection to venue and its contention that the Chapter 15 case should be venued in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Louisiana Bankruptcy Court").

8. The Consenting Parties have agreed that they shall: (i) consent to recognition in either this Court or the Louisiana Bankruptcy Court of the Korean Bankruptcy Proceeding as a foreign main proceeding pursuant to chapter 15 on the terms set forth in the Verified Petition in the Bankruptcy Court ("Recognition"), subject to the fully preserved right of the Consenting Parties to seek relief from the stay that shall result from Recognition, including with regard to the stay of arrests and attachments of Company chartered vessels, under and consistent with applicable bankruptcy and non-bankruptcy law and rules and the fully preserved right of the Petitioner and the Company to oppose such relief, and (ii) not take any direct or indirect action to object to, challenge or otherwise interfere with Recognition.

9. The Petitioner may request a hearing on Recognition earlier than currently scheduled by the *Order Scheduling Hearing Dates Regarding Petitioner's (I)* Ex Parte *Application for Provisional Relief and (II) Verified Petition* [Dkt. No. 23], dated March 23, 2015 (as amended, the "Scheduling Order"), and the Consenting Parties shall not take any direct or indirect action to object to such request and shall cooperate with the Petitioner to schedule an earlier hearing on Recognition on a mutually agreeable date.

5

10. Either this Court or the Louisiana Bankruptcy Court (if venue is transferred to that Court) shall adjudicate the Petitioner's request to vacate the Rule B attachments ("Vacatur Request") as to the Bond. Nothing in the transfer of the Rule B attachments from the TRADER to the Bond shall limit, release, or impair the Vacatur Request, except as provided herein in paragraph 6. If the Vacatur Request is granted, then subject to the Rule B Plaintiffs' rights of appeal: (i) the Rule B attachments shall fail against the Bond and the Rule B Plaintiffs will take action to dismiss the Rule B Actions (to wit, Civil Action Nos. 15-490, 494, 496, 758, and 814), which are pending before and in the United States District Court for the Eastern District of Louisiana (the "Louisiana District Court"); and (ii) the Subject Claims shall be dismissed due to lack of jurisdiction. The dates and deadlines concerning the Vacatur Request appearing in the Scheduling Order regarding the Vacatur Request and other relief as to Recognition shall be deemed to apply solely to the Vacatur Request.

11. Solely and exclusively for the purpose of adjudicating any objections raised by Richardson, SPV 1 and Jaldhi to the Vacatur Request, it has been agreed between such parties and the Foreign Representative and the Company that to the extent it may do so this Court (if venue is not transferred) should apply equal weight to the precedents of the Second Circuit and the Fifth Circuit and consider no decision from either jurisdiction to be binding in respect of such parties, but that this Court shall not so consider Fifth Circuit precedent for any other purpose or any other entity in respect of the Company's Bankruptcy Case.

12. If this Court or the Louisiana Bankruptcy Court (in the event the case is transferred) denies the Vacatur Request, the stay in the Bankruptcy Case arising at Recognition and as ordered by this Court will be deemed modified by this Order, solely to permit the Rule B Plaintiffs to litigate the Subject Claims in the Rule B Actions in the Louisiana District Court and any rights

6

such Parties may have that are secured by the Bond. The litigation concerning the Subject Claims will proceed pursuant to the Federal Rules of Civil Procedure, including, but not limited to, the rights of the Rule B Plaintiffs, together or individually, to amend their complaints to add to or modify the claims made in their pleadings, including alter ego and fraudulent transfer allegations, to the extent such rights to amend exist, and are not impacted by any stay issued in this chapter 15 case, subject to the rights of the Rule B Plaintiffs to contest the scope of the stay issued in this chapter 15 case. Notwithstanding any other provisions in this Agreement, subject to the stay issued in this chapter 15 case, the Company, the Petitioner and the Consenting Parties have agreed that they will not oppose any Jaldhi application for leave to amend its complaint against Shinhan to pursue claims and causes of action equivalent to those already asserted by the other Rule B Plaintiffs against Shinhan as of the date of this Stipulation. Nothing herein shall be construed as a waiver or impairment of Shinhan's right to oppose any such amendment or application.

13. The Petitioner and the Company reserve the right to dispute, defend, and in any way oppose, or seek offset or counter claim in respect of, the Rule B Plaintiffs' Subject Claims on the merits in the Rule B Actions. All matters relating to the application of the Bond shall be reserved to this Court or the Louisiana Bankruptcy Court if the case is transferred there.

14. If the Petitioner and the Company cannot secure a Bond, the Parties shall contest and otherwise litigate: (i) the Vacatur Request, (ii) all relief requested by the Verified Petition, (iii) any contests in respect of venue of the Bankruptcy Case, and (iv) any other opposition or contest relating to Recognition under applicable law and rules of bankruptcy procedure, all in accordance with the deadlines prescribed by the Scheduling Order. For the avoidance of doubt, in the event that the Company cannot secure a Bond, subject to the agreement on deadlines set forth

7

in the Scheduling Order, the Parties are restored to their original positions as if this Order had not been entered.

15. Except as expressly set forth herein and subject to both the provisional stay and Recognition, the Parties' respective claims, rights and defenses are hereby fully reserved.

**IT IS SO ORDERED.**

Dated: April 17, 2015
New York, New York

**/s/ Michael E. Wiles**
MICHAEL E. WILES
United States Bankruptcy Judge