# **<u>Exhibit A</u>**

#1009-20033                                                              #1119971

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARDSON STEVEDORING & LOGISTICS SERVICES, INC., ET AL.**  Plaintiffs,  VERSUS  **DAEBO INTERNATIONAL SHIPPING CO. LTD., ET AL.**  Defendants  THIS PLEADING APPLIES TO ALL CASES | CIVIL ACTION NO: 15-490 C/W 15-494 15-496 15-758 15-814  SECTION "F" JUDGE MARTIN L. C. FELDMAN  MAGISTRATE (5) JUDGE MAGISTRATE MICHAEL B. NORTH |

## SPECIAL VESSEL RELEASE BOND

**KNOW ALL MEN BY THESE PRESENTS,** that Shinhan Capital Co., Ltd., as principal, and Travelers Casualty and Surety Company of America, as surety, are held and firmly bound unto the United States Marshal for the Eastern District of Louisiana, his successors, solely for the benefit of the plaintiffs, Richardson Stevedoring & Logistics Services, Inc., SPV 1 LLC, Lark Shipping S.A., Jaldhi Overseas Pte., Ltd., and American Marine Services, Inc., (hereinafter collectively referred to as the "Plaintiffs") in the sum of THREE MILLION EIGHT HUNDRED FIFTY THOUSAND AND NO/100 ($3,850,000.00) DOLLARS, lawful money of the United States of America;

**WHEREAS,** Shinhan Capital Co., Ltd. in connection herewith preserves and in no way waives all objections to *in personam* jurisdiction and filed this pleading and posts this bond with

full reservation of its rights and defenses in connection with its restricted Rule E(8) appearance to contest the Plaintiffs' attachment of the M/V DAEBO TRADER;

**WHEREAS**, consistent with the Order Granting Provisional Relief and Approving Agreement with Certain Creditors issued in C.A. 15-10616 (MEW); In re Daebo Shipping Co. Ltd., United States Bankruptcy Court Southern District of New York, Doc. No. 38 (incorporated herein as if set forth *in extenso*), and, in consideration for the Plaintiffs releasing the M/V DAEBO TRADER from attachment under Rule B, and refraining from re-attaching or otherwise detaining or taking any action whatsoever against said vessel, or any other property of Shinhan Capital Co., Ltd. or, in the same or associated ownership, management or control in connection with the captioned matter, Shinhan Capital Co., Ltd., as principal, and Travelers Casualty and Surety Company of America, as surety, are hereby posting this Special Vessel Release Bond in the Eastern District of Louisiana in the captioned action;

**WHEREAS**, this Special Vessel Release Bond is solely posted with respect to the five Plaintiffs' claims against Shinhan Capital Co., Ltd. as registered owner of the M/V DAEBO TRADER and for the limited purposes of (i) replacing the Plaintiff's attachment of the M/V DAEBO TRADER, and (ii) providing security solely and exclusively for the Plaintiffs' alter ego and fraudulent transfer claims in the Captioned Actions against Shinhan Capital Co., Ltd., including that as a matter of maritime equity principles, the M/V DAEBO TRADER should be considered property against which the Plaintiffs' claims may be enforced, notwithstanding the M/V DAEBO TRADER's registered ownership by Shinhan Capital Co., Ltd. ("Subject Claims"); and no other person or entity that may allege any claims against the M/V DAEBO TRADER or Shinhan Capital Co., Ltd., and it is expressly understood that no other person or

2

attachable interest in this Special Vessel Release Bond which is a Special Bond under Rule E(5)(a) and not a General Bond under Rule E(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure;

**WHEREAS**, it is understood and agreed that by the signing of his Special Vessel Release Bond the law firm of Pusateri, Barrios, Guillot & Greenbaum, LLC, is not binding itself to any obligation whatsoever nor shall this Special Vessel Release Bond be construed as binding itself, but is to be binding upon Shinhan Capital Co., Ltd., its successors and assigns;

**WHEREAS**, this Special Vessel Release Bond, which is not to be construed as an admission of liability, is written entirely without prejudice as to any rights or defenses which the M/V DAEBO TRADER or its owner, charterers and/or lessee may have under general maritime law, statutes in effect, and/or any other applicable law, none of which is to be regarded as waived; and

**WHEREAS**, it is the intent of this Special Vessel Release Bond that the rights of the parties shall be, and for all purposes shall be taken to be, precisely the same as they would have been had the vessel continued to be held by the Eastern District of Louisiana in the captioned matter.

**NOW THEREFORE,** this bond shall be used to satisfy any final, unappealable, unstayed judgment and/or order in the Plaintiffs' favor, in respect of the Subject Claims and/or taxable charges under applicable law and rules, including, without limitation, under Supplemental Rule E(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. The condition of this obligation is such that if the said principal shall abide by all orders of the Court, interlocutory or

3

final, and pay to the Plaintiffs or individually to any plaintiff among the Plaintiffs the amount awarded to the Plaintiffs or individually to any plaintiff among the Plaintiffs for the Subject Claims, by the final judgment rendered by this Court, or by any appellate court if an appeal occurs, then this obligation shall be void, otherwise the same shall remain in full force and effect. However, in no event will the aggregate liability of the surety exceed THREE MILLION EIGHT HUNDRED FIFTY THOUSAND AND NO/100 ($3,850,000.00) DOLLARS, inclusive of interest and costs.

In the event that Plaintiffs' Subject Claims or any of them are settled by compromise and such settlement is confirmed in writing as final by Messrs. Pusateri, Barrios, Guillot & Greenbaum, or by stipulation of the parties' attorneys made in open Court, then the surety agrees to pay the amount of the settlement so confirmed not exceeding the sum of THREE MILLION EIGHT HUNDRED FIFTY THOUSAND AND NO/100 ($3,850,000.00) DOLLARS (inclusive of interest allowable statutory costs, and attorneys' fees, if awarded).

It is understood and agreed between the parties to this undertaking that the total sum of THREE MILLION EIGHT HUNDRED FIFTY THOUSAND AND NO/100 ($3,850,000.00) DOLLARS (inclusive of interest allowable statutory costs, and attorneys' fees, if awarded) can be reduced by the agreement of the parties to this bond or, failing said agreement, by order of the Court during the pendency of this obligation.

Witness our respective names, hereunder affixed by us this 30 day of April, 2015.

Travelers Casualty and Surety Company of America

_____
Conway C. Marshall, Attorney-in-Fact

Respectfully submitted:

/s/ _____
Salvador J. Pusateri, T.A. (#21036)
Gavin H. Guillot (#31760)
Aaron B. Greenbaum (#31752)
**PUSATERI, BARRIOS, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pbgglaw.com
Gavin.Guillot@pbgglaw.com
Aaron.Greenbaum@pbgglaw.com
Attorneys for Shinhan Capital Co., Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

/s/ _____

5



**POWER OF ATTORNEY**

| | |
|---|---|
| Farmington Casualty Company | St. Paul Mercury Insurance Company |
| Fidelity and Guaranty Insurance Company | Travelers Casualty and Surety Company |
| Fidelity and Guaranty Insurance Underwriters, Inc. | Travelers Casualty and Surety Company of America |
| St. Paul Fire and Marine Insurance Company | United States Fidelity and Guaranty Company |
| St. Paul Guardian Insurance Company | |

Attorney-In Fact No. 228840    Certificate No. 006168792

**KNOW ALL MEN BY THESE PRESENTS**: That Farmington Casualty Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company are corporations duly organized under the laws of the State of Connecticut, that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc., is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint

Candice T. Gros, Catherine C. Kehoe, Clark P. Fitz-Hugh, Darlene A. Bornt, Elizabeth C. Dukes, Conway C. Marshall, Linda C. Sheffield, R. Tucker Fitz-Hugh, Kristine Donovan, Elizabeth K. Wright, Sara S. DeJarnette, Stephen Beahm, Emily G. Lapeyre, David C. Joseph, Jessica Palmeri, and Elizabeth Schott

of the City of New Orleans, State of Louisiana, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF**, the Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this 19th day of December, 2014.

| | |
|---|---|
| Farmington Casualty Company | St. Paul Mercury Insurance Company |
| Fidelity and Guaranty Insurance Company | Travelers Casualty and Surety Company |
| Fidelity and Guaranty Insurance Underwriters, Inc. | Travelers Casualty and Surety Company of America |
| St. Paul Fire and Marine Insurance Company | United States Fidelity and Guaranty Company |
| St. Paul Guardian Insurance Company | |

By: _____
Robert L. Raney, Senior Vice President

State of Connecticut
City of Hartford ss.

On this the 19th day of December, 2014, before me personally appeared Robert L. Raney, who acknowledged himself to be the Senior Vice President of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

**In Witness Whereof**, I hereunto set my hand and official seal.
My Commission expires the 30th day of June, 2016.

Marie C. Tetreault, Notary Public

58440-8-12 Printed in U.S.A.

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, Kevin E. Hughes, the undersigned, Assistant Secretary, of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is in full force and effect and has not been revoked.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seals of said Companies this __30__ day of __April__, 20__15__.

Kevin E. Hughes, Assistant Secretary

        

To verify the authenticity of this Power of Attorney, call 1-800-421-3880 or contact us at www.travelersbond.com. Please refer to the Attorney-In-Fact number, the above-named individuals and the details of the bond to which the power is attached.

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER