UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
In re:                                                       :    Chapter 15
                                                             :
**DAEBO INTERNATIONAL SHIPPING CO.,**                        :    Case No. 15-10616 (MEW)
**LTD.**,                                                    :
                                                             :
            Debtor in a Foreign Proceeding                   :
------------------------------------------------------------ X

## ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a), 1517, 1520 AND 1521

A hearing having been held before the Court on May 8, 2015 (the "Hearing") to consider the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* [Dkt. Nos. 3, 32, 33 & 34] and the *Official Form Petition* [Dkt. No. 1] (collectively, with all exhibits attached thereto, and as amended the "Petition")[1] (i) commencing this chapter 15 case and (ii) seeking recognition of the Korean Bankruptcy Proceeding commenced by Daebo International Shipping Co., Ltd. (the "Company") under the Korean Debtor Rehabilitation and Bankruptcy Act (the "DRBA") as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code; the Court having entered that certain *Order Granting Provisional Relief Pending Hearing on Petition for Recognition as a Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 105(a) and 1519*, dated March 19, 2015 [Dkt. No. 21] (the "First Provisional Order"); the Court having entered that certain *Order Granting Provisional Relief and Approving Agreement with Certain Creditors*, dated April 17, 2015 [Dkt. No. 38] (the "Second Provisional Order"), which was agreed by and among the Petitioner, the Company, and each of Richardson, Jaldhi, SPV 1, AMS, and was binding upon Lark, each a Rule B Plaintiff; and the Court having considered and reviewed all pleadings, exhibits, affidavits and other documents in filed in connection with and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Petition.

in support of the Petition (collectively the "Supporting Documents") submitted by Chang-Jung Kim, the preservative custodian and foreign representative of the Company in the Korean Bankruptcy Proceeding (the "Petitioner"); and it appearing that due and timely notice of the filing of the Petition and the Hearing and Petitioner's intent to rely on the DRBA and related Korean insolvency law has been given by Petitioner consistent with the First Provisional Order, the Second Provisional Order, and the Court's orders regarding scheduling matters relating to the Petition [Dkt. Nos. 9, 23, & 47]; and such notice appearing to be adequate for all purposes such that no other or further notice thereof need be given; and each of the Rule B Plaintiffs who had objected to the Petition having consented to recognition pursuant to the Second Provisional Order and this form of Order and Lark having interposed no objection thereto; and AMS having consented to venue in this Court pursuant to the terms recited on the record at the Hearing; and all interested parties having had due and proper notice and an opportunity to be heard; and the Court having heard statements by counsel appearing at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court finds that the submissions in support of the application (which are unopposed to the extent of the relief granted herein) are sufficient to establish that:

  A. Pursuant to 11 U.S.C. § 1514, appropriate and timely notice of the filing of the Petition and the Hearing was given by Petitioner, and such notice is sufficient for all purposes, and no other or further notice is necessary or required.

  B. All interested parties had an opportunity to be heard at the Hearing.

  C. No objection to the relief set forth herein has been filed.

  D. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

E.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

F.      This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(P).

G.      Petitioner has satisfied the requirements of 11 U.S.C. § 1515 and Fed. R. Bank. P. 1007(a)(4) and demonstrated that:

(i)     the Company is subject to a pending foreign proceeding within the meaning of 11 U.S.C. § 101(23);

(ii)    the Korean Bankruptcy Proceeding is pending in Seoul, Korea, the country where the Company's center of main interests is located, and, accordingly, the Korean Bankruptcy Proceeding is a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4) and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1);

(iii)   Petitioner is the foreign representative of the Company within the meaning of 11 U.S.C. § 101(24);

(iv)    the chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515; and

(v)     the Petition satisfies the requirements of 11 U.S.C. § 1515 and Petitioner is entitled to all relief provided pursuant to 11 U.S.C. §§ 1520, without limitation, and with respect to relief expressly contained in this order, 11 U.S.C. § 1521, however nothing herein shall be construed as a waiver by any party to object to relief that may be sought under any provision of 11 U.S.C. § 1501 *et seq*. that is not expressly contained herein;

(vi)    the relief granted hereby is necessary and appropriate and in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. §§ 1517, 1520 and 1521 to avoid irreparable harm, and will not

cause hardship to any plaintiffs in litigation against the Company or its assets in the United States or other parties in interest that is not outweighed by the benefits of granting that relief.

(vii) the interest of the public will be served by this Court's granting the relief requested by Petitioner.

**NOW, THEREFORE, IT IS HEREBY:**

1. ORDERED, that the proceeding respecting the Company under the DRBA pending before the Korean Bankruptcy Court is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

2. ORDERED, that the proceeding respecting the Company under the DRBA pending before the Korean Bankruptcy Court is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and it is further

3. ORDERED, that all relief afforded a foreign main proceeding pursuant to 11 U.S.C. § 1520 is granted; and it is further

4. ORDERED, that 11 U.S.C. §§ 361 and 362 apply with respect to the Company and the property of the Company that is currently within, or may be brought into, the territorial jurisdiction of the United States whether owned, chartered, leased or operated and the proceeds thereof (collectively, the "Assets"), including, without limitation, any Company vessel lease, time charter, or bareboat charter; and it is further

5. ORDERED, that consistent with 11 U.S.C. § 1520(a)(1) all persons and entities are hereby enjoined from the following, in the territorial jurisdiction of the United States:

(a) executing against or further attaching or arresting any Assets;

(b) commencing or continuing any litigation or any actions to undertake the enforcement in the United States of any legal proceeding (including,

without limitation arbitration, or any judicial, quasi-judicial, administrative or regulatory action, assessment, proceeding or process or any actions related thereto including discovery) ("Actions"), including, without limitation, any Action identified in Petitioner's lists pursuant to Bankruptcy Rule 1007(a)(4) which are attached the Petition ("Lists"), or taking any other Actions against or involving Petitioner (in Petitioner's capacity as foreign representative of the Company) and any Assets or any rights, obligations or liabilities of the Company (except that the Actions styled *Richardson Stevedoring & Logistics Services, Inc. v. Daebo International Shipping Co. Ltd. and Shinhan Capital Co. Ltd.,* Case No. 2:15-cv-490*; SPV 1 LLC v. Daebo International Shipping Co. Ltd. and Shinhan Capital Co. Ltd.,* Case. No. 2:15-cv-494*; American Marine Services, Inc. v. Daebo International Shipping Co. Ltd. and Shinhan Capital Co. Ltd.,* Case No. 2:15-cv-496; and *Jaldhi Overseas PTE. Ltd., v. Daebo International Shipping Co. Ltd., et al.*, Case No. 2:15-cv-758 (each pending in the United States District Court for the Eastern District of Louisiana) are governed by the Second Provisional Order);

(c) securing or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against the Company or Petitioner (with respect to the Company), or any Asset;

(d) commencing or continuing any Action to create, perfect or enforce any lien, setoff, attachment, or other claim against the Company, Petitioner

5

(with respect to the Company), or any of the Assets;

(e) continuing any Action or commencing any additional Action, including discovery, involving the Company, its Assets, or Petitioner (with respect to the Company); and

(f) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Company or its Assets; and it is further;

6. ORDERED, that the foreign representative is:

(a) authorized to continue or commence actions in the federal or state courts of the United States and accordingly, to seek examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Company, and finding that such information is required in the Korean Bankruptcy Proceeding under the law of the United States;

(b) entrusted with the administration or realization of all or part of the Assets of the Company within the territorial jurisdiction of the United States, including and subject to, without limitation, the relief and rights reservations granted in the First Provisional Order and Second Provisional Order, which are incorporated herein as may be necessary, and subject to the pending motion before this Court at Docket No. 42 (with all rights of Petitioner, the Company and the movant in respect of the motion being reserved in full); and it is further

7. ORDERED that Petitioner may seek specific, implementing recognition of any

orders of the Korean Bankruptcy Court, including, without limitation, in respect of the Rehabilitation Plan and the Plan Approval Order(s) and any other orders relating to the administration of claims and interests in the Company and its assets, subject to the expressly reserved rights to object to such recognition and/or enforcement; and it is further

8. ORDERED that nothing herein shall be construed as a waiver of any right or objection possessed by any party to the bond agreement dated April 16, 2015 or as set forth in the Second Provisional Order; and it is further

9. ORDERED, that this Order shall be served upon all known parties in interest (or their counsel) as identified in the Company's Lists attached to the Petition, by electronic mail or by facsimile transmission, or by courier or in the event service by electronic mail or facsimile cannot be accomplished, then by either United States mail, first class postage prepaid or overnight delivery service, on or before 5:00 p.m. on May 11, 2015; and upon any other interested party that becomes known to Petitioner at such time as they are sufficiently identified, by United States mail, first class postage prepaid or by courier or by email within three (3) business days following the time any such party is identified by Petitioner; and it is further

10. ORDERED, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

11. ORDERED, that the Petition and the Supporting Documents shall be made available with the Court Clerk, and electronically to registered court filing system users and will be made available from Petitioner upon request to counsel: Blank Rome LLP, 405 Lexington Avenue, New York, New York 10174 (Attn: Michael B. Schaedle, Esq.); and it is further

12. ORDERED, that, pursuant to 11 U.S.C. § 1501 *et seq.*, Petitioner shall, unless otherwise ordered by this Court, retain the right at any point (either before or after a change in

circumstances under 11 U.S.C. § 1518) to seek any further and other relief from this Court that may be necessary to implement the Korean Bankruptcy Proceeding and/or to effectuate the purposes of chapter 15, including, without limitation, to implement and/or effectuate the Commencement Order, the Rehabilitation Plan, and the Plan Approval Orders, subject to any party's rights to object to same on the merits of such motion.

Dated: New York, New York
      May 8, 2015

                                        **s/Michael E. Wiles**
                                        UNITED STATES BANKRUPTCY JUDGE