UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                       :
                                                             :
                                                             :
                                                             :
DAEBO INTERNATIONAL SHIPPING                                 :
CO., LTD.                                                    :    Chapter 15
                                                             :    Case No. 15-10616 (MEW)
                                                             :
             Debtor in a Foreign Proceeding                  :
------------------------------------------------------------x

## OPPOSITION TO MOTION OF FOREIGN REPRESENTATIVE TO STRIKE THE SUPPLEMENTAL DECLARATION OF CHIYONG RIM

SPV 1 LLC ("**SPV**"), Richardson Stevedoring & Logistics Services, Inc. ("**Richardson**"), and Lark Shipping S.A. ("**Lark**") submit the foregoing in opposition to the motion of the Foreign Representative to strike the Supplemental Declaration of Chiyong Rim. For the reasons set forth herein, the Foreign Representative's motion should be denied.

### Background

1.    On May 22, 2015 the Foreign Representative filed with this Court its memorandum of law in support of its motion to vacate the Rule B Claimants' Rule B attachments (ECF No. 58), attached to which as Exhibit G was the declaration of the Foreign Representative's Korean Law expert, Jang Ho Lim, in support of the Foreign Representative's motion (ECF No. 58-7) (the "Lim Declaration"). Nowhere in its memorandum of law did the Foreign Representative argue that the stay issued in the Korean Proceedings has worldwide or global effect under Korean law. Neither does the Lim Declaration discuss the scope of the Korean Stay. In fact the only comment in the Lim Declaration concerning the stay is that "[u]nder Article 113 of the DRBA, any revocation actions brought by a creditor pursuant to section 406(1) of the Korean Civil Act prior to the

commencement of a Korean rehabilitation proceeding are automatically stayed upon commencement of the rehabilitation proceeding." ECF No. 58-7 at ¶ 7. But it is not asserted anywhere in the Lim Declaration that the Korean Stay order has worldwide effect under Korean Law.

2.  The Rule B Claimants filed its memorandum of law in opposition to the Foreign Representatives motion on July 17, 2015 (ECF No. 61), along with the declaration of the Rule B Claimants' Korean Law expert, Chiyong Rim (ECF No. 60) (the "Rim Declaration"). The Rule B Claimants did not address in their memorandum of law the issue of whether the Korean Stay order has worldwide effect because the Foreign Representative did not argue that the stay has such an effect in its brief. Similarly, the Rim Declaration did not address the issue because the issue was not discussed in the Lim Declaration.

3.  On August 14, 2015 the Foreign Representative filed its reply brief (ECF No. 64), attached to which as Exhibit A was the supplemental declaration of Jang Ho Lim (ECF No. 64-1) (the "Supplemental Lim Declaration"). Predictably, as the issue was not discussed in the prior briefs or declarations, the Foreign Representative's reply brief did not assert that or address whether the Korean Stay order has worldwide effect under Korean law. The Supplemental Lim Declaration asserts that the Korean Stay "protects Daebo's property interest in the Trader Lease," but the declaration does not at all address whether the Korean Stay order has worldwide effect.

4.  An evidentiary hearing on the Motion to Vacate was held on October 27, 2015, prior to which the parties filed a proposed prehearing order that was subsequently so ordered by this Court (ECF No. 67) (the "Prehearing Order"). Pursuant to the Prehearing Order, the Foreign Representative and the Rule B Claimants agreed to submit into evidence their respective foreign law expert's declarations without live testimony and cross-examination.

2

#37748715_v1

5.     At the October 27th hearing, Your Honor commented that "[t]here are allegations in the affidavit submitted by Daebo that the Korean Stay order has, as a matter of Korean law, worldwide effect … ." Tr. of Oct. 27, 2015 hearing, p. 7. Your Honor further commented that "I didn't see anything in [the Rule B Claimants'] declarations that challenged those assertions." *Id*. The undersigned responded to the Court that, "I don't think that we would agree for example that by attaching the trader under any theory in the United States that it was a violation of the Korean stay order … our opposition is that of course, that order would have to be recognized here." *Id*. The undersigned further noted that "the principal crux of this case from [the Rule B Claimants'] perspective is that where we ended up was an attachment of the vessel based upon Shinhan's ownership interest in it and with respect Shinhan claims." *Id*. Then, moving away from the Korean Stay order into a discussion about the claims asserted against Shinhan, Your Honor noted that "as to the worldwide scope as a matter of Korean law however, whether I enforce it or not, that's an issue [the Rule B Claimants] may want to raise." *Id*. at 8.

6.     In light of this dialoged with the Court, and after a close review of the motion papers submitted by the parties, the Rule B Claimants endeavored to do just that: raise the issue of the worldwide scope of the stay under Korean law. On November 6, 2015, the Rule B Claimants submitted to the Court for consideration the Supplemental Declaration of Chiyong Rim addressing the sole issue of whether the Korean Stay order has worldwide effect under Korean Law (ECF No. 69) (the "Supplemental Rim Declaration"). While the issue is not necessarily dispositive with regard to the Motion to Vacate, we feel that it is relevant and important to address the issue because (1) it was raised by Your Honor, and (2) the Rule B Claimants' do not concede that the Korean Stay order does have extraterritorial effect – quite the opposite.

3

7.  Whereas foreign law is proved by declaration, no party's Korean law declaration has addressed the issue, and as set forth in our letter to the court dated November 6, 2015, the Foreign Representative ought to have the opportunity to address this issue (which it has not done in any of its Korean Law declarations thus far) there will be no prejudice here.

8.  On November 9, 2015, the Foreign Representative filed a motion with this Court seeking to strike the Supplemental Rim Declaration (ECF No. 72) arguing that (1) the declaration was submitted after the evidentiary record on the Motion to Vacate was closed, (2) the declaration was submitted without the consent of the Foreign Representatives (and therefore constitutes inadmissible hearsay), and (3) the declaration is irrelevant to the narrow legal issue on which the Court authorized additional briefing. None of the Foreign Representative's arguments are persuasive.

9.  It is fully within this Court's discretion to admit the Supplemental Declaration into evidence if the Court finds that it is relevant and provides the Foreign Representative with an opportunity to respond.

### Argument

10. It is well established that Bankruptcy Courts have inherent authority to manage its own docket. *See e.g. In re Casse*, 198 F.3d 327, 336 (2d Cir. 1999). Furthermore, it is within a court's discretion whether to reopen proof to allow a party to submit additional evidence. *See e.g. Matthew Bender & Co. v. West Publishing Co.* 158 F.3d 674, 679 (2d Cir. 1998) (*citing Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 331 (1971). Factors courts consider when determining whether to admit additional evidence include (1) the importance and probative value of the evidence, (2) the reason for the moving party's failure to introduce the evidence earlier, and

(3) the possibility of prejudice to the non-moving party. *Id. (citing Garcia v. Woman's Hosp.*, 97 F.3d 810, 814 (5th Cir. 1996).

11.    With regard to the first factor, the issue of the scope of the Korean Stay order was noted by the Court, and the Court suggested that the issue is one the Rule B Claimants "may want to raise." Tr. of Oct. 27, 2015 hearing, p. 8. In this case, give the initial attachment of the Trader, and even though the Rule B Claimants now solely seek to pursue claims against Shinhan, the relevancy of the global nature of the Korean Stay order is apparent.[1] To the extent that the Court determines the issue is important, the Rule B Claimants respectfully submit that the Court should admit the Supplemental Rim Declaration into evidence.

12.    With regard to the second factor, the issue of the extraterritorial effect of the stay was not raised or addressed in either of the Lim declarations submitted in support of the Foreign Representative's motion or the Chapter 15 petition. If Lim had offered an opinion with respects to the extraterritorial scope of the Korean Stay order, the Rule B Claimants would have asked Mr. Rim to address the issue in his declaration. The Rule B Claimants understood the Foreign Representative arguments to based purely on comity.

13.    As for the third factor, any risk of prejudice to the Foreign Representative can be completely eliminated by allowing the Foreign Representative to submit its own supplemental Korean law declaration on the limited issue of the extraterritorial scope of the Korean Stay order.

14.    The Foreign Defendant argues that it will be prejudiced by the Supplemental Rim Declaration because they will not have the ability to test Mr. Rim on the opinions set forth therein. But this argument is illusory. The Foreign Representative has already agreed to admit into evidence the Rim Declaration in opposition to the motion without testing him by cross-

---

[1] Of courts, the Rule B attachments occurred prior to the Chapter 15 filings in this case.

5

#37748715_v1

examination. Indeed, the subject matter of the Rim Declaration was dispositive to the issues at bar. If the Foreign Representative was interested in testing Mr. Rim they would have insisted on doing so with respect to the pertinent issues.

15. The Foreign Representative further argues that the Supplemental Rim Declaration should not be admitted because the issue of the extraterritorial effect of the Korean Stay order was "squarely addressed by the Vacatur briefing and the declarations of the Foreign Representative's expert," and the "Rule B Plaintiffs had ample opportunity to timey address this issue and chose not to." ECF. No. 72 at 4. Tellingly, however, the Foreign Representative does not cite to single page from the briefing or Mr. Lim's declarations that "squarely addressed" the issue. We cannot find where the issue was squarely addressed in the Foreign Representative's motion papers either.

16. The Foreign Representative's argument that the Supplemental Declaration constitutes hearsay and is inadmissible absent agreement of the Foreign Representative is also unpersuasive. The Court has the broad discretion to admit relevant evidence into the record, and it doesn't not need the Foreign Representative's approval to do so. To the extent the Court finds the Supplemental Rim Declaration is probative, it may admit it into evidence and give it the weight it deserves. Any prejudicial effect can be mitigated by allowing the Foreign Representative to submit a reply declaration.

17. The Foreign Representative further argues that the Supplemental Rim Declaration is irrelevant to the narrow remaining issue related to the alter ego doctrine to which the Court authorized supplemental briefing.[2] This argument also misses the mark. This Court's discretion to admit evidence after the hearing is not limited to evidence related issues authorized for

---

[2] We note that, while the Foreign Representative did submit a supplemental brief related to the alter ego issue (ECF No. 70), the court had only asked for "just points and authorities, not a brief." Tr. of Oct. 27, 2015 hearing, p. 121. As we have previously advised, should the Court require a supplemental brief on the alter ego issue, the Rule B Claimants will be happy to submit one.

#37748715_v1

supplemental briefing. *Matthew Bender & Co.*, 158 F.3d at 679. Furthermore, the Supplemental Rim Declaration was not proffered as relevant to the alter ego issue. The declaration was proffered as relevant to the issue related to the exterritorial effect of Korean Stay order, which is an issue the Court suggested the Rule B Claimant "may want to raise."

18. We respectfully submit that it is well within the Court's discretion to admit the Supplemental Rim Declaration, and thus the Foreign Representative's motion should be denied.

**HOLLAND & KNIGHT LLP**
*/s/ Warren E. Gluck*
Warren E. Gluck
F. Robert Denig
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200
Fax: (212) 385-9010
warren.gluck@hklaw.com
rob.denig@hklaw.com
*Attorneys for SPV 1, LLC, Richardson Stevedoring & Logistics Services, Inc. and Lark Shipping S.A.*